```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON

WAHOOWA, INC. and
SUVAC, INC.,

        Plaintiffs,

v.                                  Civil Action no. 2:17-cv-04422

CONSOL OF KENTUCKY, LLC,
CONSOL ENERGY, INC., and
SOUTHEASTERN LAND, LLC,

        Defendants.
```

## MEMORANDUM OPINION AND ORDER

Pending before the court is the plaintiffs' motion asking the court to decline jurisdiction, filed on December 7, 2017. The plaintiffs draw the court's attention to the "significant state-law issues in this case as a basis for declining jurisdiction." Mot. at ¶ 11.

The facts of the case are summarized in the accompanying opinion denying the motion to remand. At bottom, the plaintiffs seek to invalidate an assignment under a coal mining lease under which they are lessors on the ground that it contradicts the lease's Section 18(a) that governs assignments.

The Fourth Circuit has laid out suggested factors to consider in deciding whether to decline the exercise of jurisdiction: (1) the strength of the state's interest in having the issues raised in the federal declaratory judgment action decided in the state courts; (2) whether the issues raised in the

federal action can more efficiently be resolved in the court in which the state action is pending; (3) whether permitting the federal action to go forward would result in unnecessary "entanglement" between the federal and state court systems because of overlapping issues of fact or law; and (4) whether the declaratory judgment action is being used merely as a device for procedural fencing.  See Nautilus Ins. Co. v. Winchester Homes, Inc., 15 F.3d 371, 377 (4th Cir. 1994).

      The court agrees with the defendants that the dispute does not present novel issues of state law and that the state has no significant special interest in the outcome of this case. The issue can be as efficiently resolved in this court as in state court and involves no unnecessary entanglement between the two court systems.  Judicial efficiency would not be served by declining to exercise jurisdiction, and there is no concern about procedural fencing.

      Though the plaintiffs argue that the contractual provision at issue is complex and unique, Pffs.' Br. at 5-6, the court agrees with the defendants that it does not appear unduly complex and, in a general sense, is not unique.  The court sees no reason that it would be less well equipped to construe it than the state court would be.

      Accordingly, the motion is denied.

      The Clerk is directed to transmit copies of this memorandum opinion and order to all counsel of record and any unrepresented parties.

ENTER: January 26, 2018

John T. Copenhaver, Jr.
United States District Judge