```
               UNITED STATES DISTRICT COURT
             SOUTHERN DISTRICT OF WEST VIRGINIA
                        AT CHARLESTON
```

WAHOOWA, INC., and
SUVAC, INC.,

    Plaintiffs,

v.                              Civil Action No. 2:17-cv-4422

CONSOL OF KENTUCKY, INC.
(fka Consol of Kentucky, LLC),
CNX RESOURCES CORPORATION
(fka Consol Energy, Inc.), and
SOUTHEASTERN LAND, LLC,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Pending is the plaintiffs' July 6, 2019 motion to strike the supplemental witness list filed by defendants Consol of Kentucky, Inc. and CNX Resources Corp. (collectively, CONSOL) on July 2, 2019.

### I. Background

On May 10, 2019, the parties filed their proposed integrated pretrial order in which CONSOL submitted their Rule 26(a)(3) pretrial disclosures. ECF No. 71, at 2. Defendants named James Bunn and "[a]ny other individuals involved with the

negotiation and signing of the Lease" as "[w]itnesses [d]efendants expect to call to testify at trial." Id.

On May 16, 2019, the court held the pretrial conference at which time both parties concede that plaintiffs did not raise any objection to the open-ended Rule 26(a) witness disclosure. Defs.' Resp., ECF No. 93, at 2; Pls.' Reply, ECF No. 94, at 2.[1] CONSOL contends that it made clear at the pretrial conference that it was still "reviewing records and speaking with former employees with knowledge of the lease negotiations nearly fourteen (14) years prior and were compiling a list of those most likely to have relevant testimony." Defs.' Resp., ECF No. 93, at 2 n.1. CONSOL further contends that it stated it would supplement its potential witness list before trial and that the parties could be ready to proceed with the June 11, 2019 trial date. Id. at 2. Later that same day, the court entered the Integrated Pretrial Order. ECF No. 74.

On June 3, 2019, the parties moved for a continuance of the trial and all associated deadlines as they had reached, in principle, an agreement that would resolve the matters

---

[1] The court notes that in their reply, plaintiffs state that CONSOL's admission at the pretrial conference that it was continuing to look for witnesses suggested that CONSOL was unprepared for the June 11, 2019 trial and plaintiffs did not want to object for fear that it would result in a continuance of the trial. Pls.' Reply, ECF No. 94, at 2.

between the parties. ECF No. 75. The court granted that motion the following day and continued the trial until July 9, 2019. ECF No. 76. CONSOL asserts that it had its witness list shortly after the May 16, 2019 pretrial conference but chose not to file it so that it might focus on reaching a settlement with the plaintiffs. Defs.' Resp., ECF No. 93, at 2.

On June 27, 2019, the parties informed the court in a telephone conference that CONSOL was not going to finalize the settlement agreement. Pursuant to this notification, the court, on June 28, 2019, continued the trial date until August 14, 2019. ECF No. 77.

On July 2, 2019, CONSOL supplemented its witness list with five individuals not identified in the Integrated Pretrial Order. Those five witnesses are Gill Gillenwater (president of Consol of Kentucky, LLC); Ron Stovash and Denny Stanhagen (former employees of CNX Resources Corp.); and Forrest Jones and Leslie Miller-Stover (CONSOL's outside counsel). ECF No. 79; Pls.' Reply, ECF No. 94, at 2 (identifying the relationship that each additional witness has with CONSOL).

The plaintiffs moved to strike this supplemental witness list on July 4, 2019. Specifically, plaintiffs assert that this supplemental witness list modifies the Integrated Pretrial Order, which CONSOL did not seek leave to do. Pls.'

Mem., ECF No. 85, at 3. Plaintiffs further assert that CONSOL has not and cannot meet the burden necessary to justify amending the pretrial order. Id.

II. Analysis

Federal Rule of Civil Procedure 16(d) states:

> Pretrial Orders. After any conference under this rule, the court should issue an order reciting the action taken. This order controls the course of the action unless the court modifies it.

Rule 16(e) goes on to state:

> Final Pretrial Conference and Orders. The court may hold a final pretrial conference to formulate a trial plan, including a plan to facilitate the admission of evidence. The conference must be held as close to the start of trial as is reasonable, and must be attended by at least one attorney who will conduct the trial for each party and by any unrepresented party. The court may modify the order issued after a final pretrial conference only to prevent manifest injustice.

Plaintiffs contend that CONSOL was required to move for a modification of the Integrated Pretrial Order and demonstrate that "manifest injustice" would be the result of these five additional witnesses not being able testify. Pls.' Mem., ECF NO. 85, at 3.[2]

---

[2] Plaintiffs note:

> The court may consider the following factors when faced with a motion to amend the final pretrial order

4

CONSOL asserts that no such motion was necessary inasmuch as it was fully compliant with the court's Pretrial Order which stated that defendants could call James Bunn and "[a]ny other individuals involved with the negotiation and signing of the Lease." Defs. Resp., ECF No. 93, at 4; see Cunningham v. LeGrand, No. 2:11-cv-0142, 2012 WL 3028015, at *2 (S.D.W. Va. July 24, 2012) ("[W]hile the pretrial order defines a lawsuit's boundaries in the trial court and on appeal, total inflexibility is undesirable.") (citation omitted). CONSOL notes that the "Integrated Pretrial Order was jointly submitted without objection, and Plaintiff lodged no objection at the final pretrial conference or after the Court entered the order." Defs.' Resp., ECF No. 93, at 4.

CONSOL also asserts that it could have listed every person who "they believed had any information related to the lease, no matter how tangential or miniscule. Instead, CONSOL

---

and application of the Rule 16(e) manifest injustice standard: "(1) prejudice or surprise to the party opposing trial of the issue; (2) the ability of that party to cure any prejudice; (3) disruption to the orderly and efficient trial of the case by inclusion of the new issue; and (4) bad faith by the party seeking to modify the order.

Cunningham v. LeGrand, No. 2:11-cv-0142, 2012 WL 3028015, at *2 (S.D.W. Va. July 24, 2012). In their response, CONSOL argues that if an amendment is necessary, that the four factors militate in favor of permitting the additional witnesses to testify. Defs.' Resp., ECF No. 93, at 5-7.

noted . . . that it would finalize a reasonable, more accurate list and provide it to Plaintiffs and the Court. Plaintiffs were amenable to this, and the Court proceeded to enter" the Pretrial Order. Id. at 4-5. Had CONSOL provided the names of these individuals on the day of the pretrial conference, plaintiffs would have known their names less than a month before the trial was scheduled. CONSOL notes that as it is now, plaintiffs have ample notice between the date of disclosure and the trial. Id. at 5.

The court finds defendants' position persuasive. The plaintiffs made a strategic decision not to object to CONSOL's plan to supplement witnesses after the pretrial conference because the plaintiffs wanted to use the trial date to pressure CONSOL into a settlement. Pls.' Reply, ECF No. 94, at 2. This approach appeared to work until such time as CONSOL elected to not finalize the settlement in late June 2019. Soon after this point, CONSOL supplemented its witness list. While CONSOL should have supplemented its witness list at an earlier time, there is no evidence that, as plaintiffs claim, CONSOL represented it made a settlement agreement that it did not intend to keep in order to receive a "much-needed continuance." Pls.' Reply, ECF No. 94, at 4.

Plaintiffs also state that admitting these witnesses still "requires the [plaintiffs] an opportunity to learn what each of CONSOL's new five witnesses intend to say at trial. Otherwise, Wahoowa will be walking into trial unprepared and 'winging it.'" Pls. Mem., ECF No. 85, at 5.

Inasmuch as there is now the opportunity to defer the new trial date long enough to allow the depositions of the five added CONSOL witnesses to be taken, the court concludes that the better course is to deny the motion to strike those five witnesses and extend the time for discovery, including the taking of the depositions of any or all of the five added witnesses. It is so ORDERED.

In accordance herewith, a new case schedule will be fixed by separate order.

### III. Conclusion

Accordingly, it is ORDERED that plaintiffs' motion to strike CONSOL's supplemental witness list be, and hereby is, denied.

The Clerk is directed to transmit copies of this memorandum opinion and order to all counsel of record

ENTER: March 27, 2020

_____
John T. Copenhaver, Jr.
Senior United States District Judge